J-S18025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL GERARD GRUBB | |
| Appellant | No. 1205 MDA 2015 |

Appeal from the Order entered June 16, 2015
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000804-2014

BEFORE:  BOWES, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED FEBRUARY 19, 2016**

Daniel Gerard Grubb appeals from the order entered in the Court of Common Pleas of Bradford County, classifying him as a sexually violent predator (SVP) pursuant to the Sexual Offender Registration and Notification Act (SORNA).[1]  Upon careful review, we affirm.

On January 19, 2015, Grubb entered a guilty plea to two counts of corruption of minors[2] and one count of indecent assault.[3]  The charges

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9799.10-9799.41

[2] 18 Pa.C.S.A. § 6301(a)(1)(i).

[3] 18 Pa.C.S.A. § 3126(a)(8).

stemmed from an incident in which Grubb initiated oral and vaginal intercourse with a fifteen-year-old girl after providing her with marijuana and alcohol. Following the entry of his plea, the court ordered that Grubb undergo an SVP assessment by the Sexual Offenders Assessment Board ("Board") pursuant to 42 Pa.C.S.A. § 9799.24. Upon agreement of the parties, Grubb was sentenced on March 26, 2015, prior to his SVP hearing.[4] The court imposed an aggregate sentence of 26 to 72 months' imprisonment.

Paula Brust, a member of the Board, performed Grubb's SVP assessment and, on June 16, 2015, the trial court held a hearing to determine whether Grubb was an SVP. After hearing Ms. Brust's testimony, the court concluded that Grubb was an SVP and ordered him to register as a Tier 2 offender. Grubb filed a motion for reconsideration of his SVP determination, which the court denied by order entered on June 22, 2015. Grubb filed a timely notice of appeal,[5] followed by a court-ordered statement

---

[4] Although 42 Pa.C.S.A. § 9795.4 requires that an SVP hearing be held prior to sentencing, a defendant may waive that requirement. **See Commonwealth v. Whanger**, 30 A.3d 1212 (Pa. Super. 2011).

[5] Although Grubb's judgment of sentence was imposed on March 26, 2015, the notice of appeal filed following his June 16, 2015 SVP determination was timely as to his challenge to that determination. **See Whanger**, 30 A.3d at 1215 ("As the SVP order is collateral to the sentence, but a final order relative to the sole issue before the SVP court, a defendant whose SVP sentencing occurs after sentencing can obviously appeal from that order regardless of whether it makes judgment of sentence final.").

of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  The trial court filed its Rule 1925(a) opinion on September 15, 2015.

On appeal, Grubb claims that the trial court erred in concluding that he is an SVP.  A challenge to a determination of SVP status requires us to view the evidence presented in the light most favorable to the Commonwealth.  **Commonwealth v. Prendes**, 97 A.3d 337, 355 (Pa. Super. 2014).  We may not weigh the evidence or substitute our judgment for that of the trial court.  **Id.**  The Commonwealth must establish SVP status by clear and convincing evidence, which standard requires evidence that is so clear, direct, weighty and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts at issue.  **Id.**  The scope of our review is plenary.  **Id.** at 357.

After conviction but before sentencing, the trial court is required to order an individual convicted of a sexually violent offense to be assessed by the Board.  42 Pa.C.S.A. § 9799.24.  Such assessment shall include, but not be limited to, an examination of the following:

(1) Facts of the current offense, including:

(i) Whether the offense involved multiple victims.

(ii) Whether the individual exceeded the means necessary to achieve the offense.

(iii) The nature of the sexual contact with the victim.

(iv) Relationship of the individual to the victim.

(v) Age of the victim.

(vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

(vii) The mental capacity of the victim.

(2) Prior offense history, including:

(i) The individual's prior criminal record.

(ii) Whether the individual completed any prior sentences.

(iii) Whether the individual participated in available programs for sexual offenders.

(3) Characteristics of the individual, including:

(i) Age.

(ii) Use of illegal drugs.

(iii) Any mental illness, mental disability or mental abnormality.

(iv) Behavioral characteristics that contribute to the individual's conduct.

(4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

*Id.*

While the Board must examine all statutory factors, there is no requirement that all of these factors or any particular number of them be present or absent in order to support an SVP designation. ***Commonwealth v. Brooks***, 7 A.3d 852, 863 (Pa. Super. 2010). Rather, the question for the SVP court is whether the Commonwealth's evidence, including the Board's assessment, shows that the person convicted of a sexually violent offense has a mental abnormality or disorder making that person likely to engage in predatory sexually violent offenses. ***Id.*** Based on the evidence presented,

the court decides whether a defendant is to be designated an SVP and thus made subject to SORNA's registration requirements. *Id.*

Here, Ms. Brust performed an evaluation of Grubb and testified to a reasonable degree of professional certainty that, based on this incident and another incident that occurred six years prior,[6] Grubb met the criteria for Other Specified Paraphilic[7] Disorder non-consent. In her report, Ms. Brust offers the following analysis:

> This disorder is evidenced by intense, sexual arousal that has been present for at least 6 months and causes marked distress or impairment in social, occupational or other important areas of functioning. The arousal in this case is to the victim's non-consent. According to the DSM-5, "[m]any dozens of distinct paraphilias have been identified and named, and almost any of them could, by virtue of its negative consequences for the individual or for others, rise to the level of a paraphilic disorder. The diagnoses of Other Specified and Unspecified Paraphilia Disorders are therefore indispensable and will be required in many cases. A paraphilic disorder is a paraphilia that is currently causing distress or impairment to the individual or a paraphilia whose satisfaction has entailed personal harm, or risk of harm, to others." Mr. Grubb meets the full criteria for Other Specified Paraphilic Disorder. He has caused harm to his minor victim and his paraphilia has caused distress. This is the 2nd time he has forced someone into sexual activity without their

---

[6] This prior incident involved Grubb physically forcing himself upon a 26-year-old female acquaintance inside of her own home, for which he was convicted of indecent assault without consent. SVP Assessment, 4/5/15, at 4-5.

[7] "Paraphilia" is defined as a pattern of recurring sexually-arousing mental imagery or behavior that involves unusual and especially socially unacceptable sexual practices, such as sadism or pedophilia. *See* Merriam-Webster, http://www.meriam-webster.com/dictionary/paraphilia.

consent in 6 years and it is evident he has not been able to manage his offending.

SVP Assessment, 4/5/15, at 6.

Ms. Brust's report continues:

The offender talked with the victim in a sexual manner, telling her he didn't believe she was only 15 as she was sexy, etc. He then plied her with alcohol and marijuana and she said she kept drinking shots of vodka. He took advantage of this minor's impaired state to have sexual contact with her.

*Id.* Ms. Brust testified that, in her expert opinion, Grubb was sexually aroused by his victim's "non-consent . . . due to her age, and the fact that she said no, and the fact that she was highly intoxicated after drinking numerous shots." N.T. SVP Hearing, 6/16/15, at 10.

Based on our review of the evidence presented at Grubb's SVP hearing, including the report and testimony of Ms. Brust, and viewing that evidence in the light most favorable to the Commonwealth, **Prendes**, **supra**, we conclude that the trial court did not err in finding, by clear and convincing evidence, that Grubb satisfies the criteria to be classified as an SVP.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2016

- 6 -